STATE OF MAINE                                       SUPERIOR COURT
CUMBERLAND, ss                                       CIVIL ACTION
                                                     DOCKET NO. AP-20-20


ALEXIS SEMUHOZA,

            Plaintiff

v.                                                   ORDER


COMMISSIONER, MAINE DEPARTMENT
OF HEALTH AND HUMAN SERVICES

            Defendant


Defendant Commissioner of the Maine Department of Health and Human Services

(DHHS) has moved to seal the court's file in the above-captioned case. This request is made

pursuant to 22 M.R.S. § 3474 (governing confidentiality of adult protective records) and other

statutes dealing with confidentiality of medical information. The Department's motion has been

agreed to by counsel for petitioner.

At the outset, however, the Department's motion is overbroad. If granted, this would

withhold the entire court file from public inspection. This would violate the principle that court

proceedings are presumptively open to the public, and the court is not prepared to make a secret

decision on a secret record.

However, to honor the statutory confidentiality set forth in 22 M.R.S. § 3474, the court will

order that the parties shall file any documents or information subject to § 3474 under seal with a

designation that the documents in question shall remain under seal pending further order of the

court. The court notes that § 3474(3)(B) provides that relevant information in adult protective

records shall be disclosed to a court on its finding that access to the records may be necessary for

determination of any issue before the court, and the court makes that finding in order to allow this case to be litigated.

Section 3474(3)(B) goes on to state that access to those records must be limited to in camera inspection "unless the court determines that disclosure of the information is necessary for the resolution of an issue pending before it." This last provision allows the court to allow disclosure to the extent necessary to decide the case on a public record.

The principle that court proceedings are open to the public is a fundamental tenet of our judicial system, protected by both the common law and the First Amendment. *See, e.g., Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). This is particularly true of documents on which the court relies in determining litigants' substantive rights. *FTC v. Standard Financial Management*, 830 F.2d 404, 408 & n.4 (1st Cir 1987). One of the reasons why court records and proceedings are open to the public is to preserve public confidence that decisions are not being made behind closed doors to evade scrutiny.

Accordingly, while every effort shall be made to protect the confidentiality of adult protective records and the confidentiality of medical records relating to any alleged victim, at some point it is likely that enough of those records or the information contained therein shall have to be disclosed (perhaps without identifying persons except by designations such as "Person A") so that the parties' arguments and the basis of any decision reached by the court shall be apparent.

This issue shall be addressed at a later stage in the case, given that in the meantime the records and information subject to § 3474 are to be filed under seal pending further order of the court.

2

The entry shall be:

The motion by defendant to seal the court record in the above-captioned case is granted in part. The court record and court file shall not be sealed, but the parties shall file any documents or information subject to 22 M.R.S. § 3474 under seal with a designation that the documents in question shall remain under seal pending further order of the court. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November **9**, 2020

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/12/20

**Plaintiff–Molly Gilligan, Esq.**
**Defendant–Kevin Beal AAG.**

3